# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| LINDA K. GOODYEAR | CIVIL ACTION NO. 07-249 |
|---|---|
| VERSUS | JUDGE MELANÇON |
| DAUTERIVE HOSPITAL OF NEW IBERIA, LOUISIANA | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are defendant's Motion for Summary Judgment [Rec. Doc. 44], plaintiff's Memorandum in Opposition thereto [Rec. Doc. 46], and defendant's Reply to plaintiff's Opposition [Rec. Doc. 54]. For the reasons that follow, defendant's Motion [Rec. Doc. 44] will be **GRANTED**.

## I.

In their submissions, both parties attempt to broaden the scope of this dispute beyond what this Court has the power to adjudicate. It is not for the Court to decide whether the plaintiff should have been fired. Instead, the issue before the Court is whether the defendant impermissibly discriminated against plaintiff on the basis of her race or retaliated against her for engaging in protected activities.[1] As more fully expounded upon *infra*, as there is no evidence that the defendant acted improperly under the law, plaintiff's claims must be dismissed.

---

[1] Plaintiff also initially alleged causes of action for age and disability discrimination. However, in her Memorandum in Opposition to Summary Judgment [Rec. Doc. 46], plaintiff acknowledges that these claims are not cognizable under the applicable law and, thus, consents to their dismissal.

**II.**

Linda Goodyear ("Goodyear" or "plaintiff"), a Caucasian female, was hired by Dauterive Hospital of New Iberia ("Dauterive" or "defendant") as a ward clerk on June 8, 2003 and began her employment on June 13, 2003.  During the course of her employment, Goodyear alleges that certain African-American nurses refused to accept hospital issued pagers and/or failed to answer pages when she was on duty; that, in one instance, one of the nurses threw a pager at her and made a comment to the effect of "no white honkey is going to run this floor;" that the nurses were generally "very hostile" towards her; that the management failed to act when she reported these and other incidents; and that all of these incidents were racially motivated.  Plaintiff also argues that she was subjected to disparate treatment on the basis of her race, and that, as a result of her complaints regarding the alleged harassment and disparate treatment, she was subjected to further harassment and was ultimately terminated on July 27, 2004 by Kay Colby ("Colby") and Harry Bertrand ("Bertrand"), both Caucasian.[2]

In response to Goodyear's claims, defendant presents a litany of complaints and several disciplinary actions taken against Goodyear in support of its assertion that plaintiff was terminated for valid and legitimate reasons.  The record contains complaints from several sources, including Caucasian co-workers, who expressed concern about Goodyear's interpersonal communication skills as well as at least one

---

[2] It is undisputed that the nurses with whom Goodyear had conflicts were not her supervisors and had absolutely no part in the decision to terminate plaintiff's employment.

complaint concerning Goodyear's mishandling of an urgent patient order. Plaintiff, however, avers that these stated reasons "ring hallow" and are actually a pretext for the racial discrimination and retaliation for which she claims to be a victim.

Upon her termination, Goodyear filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age, race, and disability. On November 15, 2006, the EEOC issued plaintiff a "right to sue" letter, and plaintiff instituted this action on February 14, 2007. Defendant filed this Motion for Summary Judgment arguing that, as a matter of law, plaintiff's claims must be dismissed. Plaintiff opposes this motion.

### III.

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this

3

burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23.  Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial.  *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e).  The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986);  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for.  Fed. R. Civ.

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.  To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

**IV.**

*A. Retaliation Claims*

The Court first turns to Goodyear's retaliation claim. An employer may not ". . . discriminate against any of his employees [ . . . ] because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3(a). When a plaintiff asserts a cause of action under this section, to survive summary judgment a *prima facie* showing of retaliation must be made by presenting evidence that (1) the plaintiff engaged in a protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action. *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754-55 (5th Cir. 2005); *Hernandez v. Crawford Bldg. Mat. Co.,* 321 F.3d 528, 531 (5th Cir. 2003). If the plaintiff is able to make such a showing, the burden then shifts to the employer to enunciate a legitimate and non-discriminatory reason for its actions. *Baker*, 430 F.3d at 754-55. If the employer carries its burden, "any presumption of retaliation drops from the case" and the onus returns to the plaintiff to demonstrate that the stated reason is, in actuality, a pretext for retaliation. *Id.* at 755.

For the purposes of this motion, viewing the evidence in the light most

favorable to the plaintiff, the Court will presume that the plaintiff has stated a *prima facie* case of retaliation based on the temporal proximity of the termination to the alleged protected activity. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (recognizing that, in limited instances, mere temporal proximity between a protected activity and an adverse employment action is sufficient evidence of causality to establish a *prima facie* case of retaliation).[4] The defendant, then, must show a legitimate, non-discriminatory reason for Goodyear's termination. In this regard, the record is replete with examples of disciplinary and other work related instances which collectively and, in some cases, individually rise to the level of legitimately terminable offenses.[5] As such, it is incumbent upon plaintiff to demonstrate that these incidents are merely a pretext for the alleged retaliation.

In proving pretext, plaintiff must show that the adverse employment action ". . . would not have occurred '*but for*' [the] protected conduct." *Strong v. Univ. Healthcare Sys, L.L.C.,* 482 F.3d 802, 806 (5th Cir. 2007) (*citing Septimus v. Univ.*

---

[4] While the United States Supreme Court did recognize that temporal proximity alone can establish the requisite causal connection in a *prima facie* case of retaliation, it also noted that the proximity must be "very close." *Breeden*, 532 U.S. at 273. In this case, it appears that no more than one month elapsed between the alleged complaint and the ultimate termination. In *O'Neal v. Ferguson Const. Co.*, 237 F.3d 205 (10th Cir. 2001), cited with approval by the Supreme Court in *Breeden*, *supra*, the United States Court of Appeal for the Tenth Circuit held that a one and one-half month period may be sufficient, by itself, to establish a *prima facie* case of retaliation. *See also Stroud v. BMC Software, Inc.*, 2008 WL 2325639 (5th Cir. 6/6/2008). As such, in this case, the Court will presume that the one month delay is sufficient, by itself, to establish *prima facie* causation.

[5] Some examples of this conduct include repeated observation by supervisors of Goodyear's poor communication skills and aggressive nature toward other employees; insubordination to supervisors; complaints by other employees, both Causasian and African-American, concerning Goodyear's demeanor; and failure to timely enter at least one critical order.

6

of Houston, 399 F.3d 601, 608 (5th Cir. 2005)). In proving the "but for" causation, " . . . temporal proximity alone is insufficient." *Strong*, 482 F.3d at 808. Other than the closeness in time, the record is devoid of any evidence, other than the plaintiff's own conclusory and self-serving statements, to suggest that Goodyear would not have been terminated but for engaging in the protected activity.[6] In fact, there is uncontroverted evidence that at least one of the supervisors ultimately responsible for Goodyear's termination, Kay Colby, was wholly unaware that plaintiff had engaged in any protected activity. *Depo. of Kay Colby* [Rec. Doc.46-6], pg. 65. As plaintiff fails to show that the legitimate and non-discriminatory reason for termination was mere pretext, her claims of retaliation must be dismissed.

### B. Racial Discrimination

*1. Hostile Work Environment*

In addition to her retaliation claim, plaintiff also alleges that she was subjected to a racially hostile work environment. A plaintiff must prove a *prima facie* case of discrimination by showing that the defendant made an employment decision that was motivated by a protected factor. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995). Once established, the plaintiff's *prima facie* case raises an inference of intentional discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden of production then shifts to the defendant to articulate

---

[6] Indeed, in Goodyear's Opposition to Summary Judgment [Rec. Doc. 46], counsel fails to so much as address the "but for" standard of causation, and, instead, chooses to rely solely on conclusory statements that Dauterive's ". . . professed legitimate, nondiscriminatory reason for terminating Plaintiff [ . . . ] rings hollow." Such statements are simply insufficient to carry plaintiff's burden of showing pretext. *See Stroud*, *supra*.

a legitimate, nondiscriminatory reason for the challenged employment action.  *Id.*  If the defendant comes forward with a reason which, if believed, would support a finding that the challenged action was nondiscriminatory, the inference raised by the plaintiff's prima facie case drops from the case.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).  The focus then shifts to the ultimate question of whether the defendant intentionally discriminated against the plaintiff.  *Id.*

To establish a *prima facie* case of a racially hostile work environment, Goodyear must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).  For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To determine whether an environment is hostile or abusive, a Court must evaluate the totality of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's work performance." *Id.* at 23.  Not only must plaintiff subjectively perceive the harassment as sufficiently severe or pervasive, that subjective perception must also be objectively reasonable.

*Id.*

The conduct complained of here simply fails to rise to an actionable level. Initially, plaintiff cannot show that much of the complained of conduct was based on her race. For example, plaintiff complains that certain African-American nurses failed to take their pagers or answer pages when she was on duty. However, defendant produces evidence that nurses of all races failed to follow the pager policy despite which ward clerk was on duty at the time. *See Depo. of Harry Bertrand* [Rec. Doc. 46-7], pgs. 27-28. Further, plaintiff alleges that the African-American nurses were generally hostile toward her and one threw a pager at her. However, plaintiff presents no evidence that this hostility was based on her race.[7] In fact, based on the numerous complaints regarding plaintiff's aggressive demeanor, including one incident in which Bertrand witnessed Goodyear throw a chart at the nurses' station, *see Depo. of Harry Bertrand* [Rec. Doc. 46-7], pg. 41, there is evidence that plaintiff may have been equally hostile to the nurses.

The only alleged incident which may be considered race-based was a lone comment made by a single African-American nurse. The Fifth Circuit has stated, time and time again, that isolated racial epithets, while distasteful and improper, are not actionable and do not, alone, support a claim of discrimination. *See e.g. Magnum v. Stan Trans, Inc.*, 204 F.3d 1114 (5th Cir. 1999) (*citing Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 329 (5th Cir. 1998)); *Scales v. Slater,* 181 F.3d 703, 712 (5th

---

[7] The mere fact that plaintiff is Caucasian and the nurse was African-American does not make the conflict a racial one.

Cir. 1999); *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1295 (5th Cir. 1994). Thus, as plaintiff fails to establish a *prima facie* case of racially hostile work environment, her claims must be dismissed.

*2. Disparate Treatment*

Finally, plaintiff claims that she was subjected to disparate treatment on the basis of her race. Plaintiff claims that she was required to put away supplies while "Mrs. Aline," an African-American ward clerk, was not. Similarly, Goodyear claims that she was disciplined for an incident while "Mrs. Aline" was not subjected to discipline for the same conduct. However, plaintiff presents no actual evidence to support these claims.[8] Given this lack of evidentiary support, it appears that these allegations of disparate treatment are strictly subjective in nature. *See Harris*, *supra.* Accordingly, this claim must also be dismissed.

**V.**

This entire dispute appears to stem solely from conflicting personalities. In the end, defendant was forced to take action on the conflict and make an unenviable choice between employees. It is not the Court's role to second guess that decision. The Court's sole role is to ensure that the decision was not improperly made on the basis of race or in retaliation for engaging in a protected activity. As set out above,

---

[8] In her Opposition [Rec. Doc. 46], plaintiff states that "Defendant has produced no evidence, nor does it cite any, that disputes this allegation." This statement impermissibly attempts to shift the burden of proof to the defendant. As mentioned *supra*, when the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.

assuming plaintiff has stated a *prima facie* case of retaliation, defendant has come forth with legitimate and non-discriminatory reasons for the termination and plaintiff has failed in her burden of proving these reasons are a mere pretext. Further, plaintiff has failed to annunciate any actionable instances of discrimination, either resulting from harassment or disparate treatment, despite the Court's viewing of the evidence in the light most favorable to her. For these reasons, defendant's Motion [Rec. Doc. 44] will be **GRANTED** and plaintiff's claims will be **DISMISSED WITH PREJUDICE**.